UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIDNEY ABRAMS,

        Petitioner,

v.                               Case No: 6:17-cv-688-Orl-28GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

        Respondents.
_____/

## ORDER

This case is before the Court on Petitioner Sidney Abrams' Petition for Writ of

Habeas Corpus ("Petition," Doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed

a Response to Petition ("Response," Doc. 13) in compliance with this Court's instructions.

Petitioner filed an Amended Reply to the Response (Doc. 17).

Petitioner asserts six grounds for relief. For the following reasons, the Petition is

denied.

### I.    PROCEDURAL HISTORY

The State of Florida charged Petitioner with robbery with a firearm (Count One),

fleeing or attempting to elude a law enforcement officer at a high speed or with wanton

disregard (Count Two), and second-degree felony murder (Count Three). (Doc. 14-1 at

69-71.) A jury found Petitioner guilty as charged of Counts One and Two and acquitted

him of Count Three. (Doc. 14-2 at 41-43.) The state court sentenced Petitioner to life in

prison for Count One and to a concurrent fifteen-year term of imprisonment for Count Two. (*Id.* at 50-52.) Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (Doc. 14-3 at 31.)

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, which he amended. (*Id.* at 70-85.) The state court denied the motion. (*Id.* at 87-95.) Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (*Id.* at 159.)

## II.  LEGAL STANDARDS

### A.  Standard Of Review Under The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d

1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

state court's decision "was based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding." A determination of a factual

issue made by a state court, however, shall be presumed correct, and the habeas petitioner

shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.     **Standard For Ineffective Assistance Of Counsel**

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668

(1984), established a two-part test for determining whether a convicted person is entitled

to relief on the ground that his counsel rendered ineffective assistance: (1) whether

counsel's performance was deficient and "fell below an objective standard of

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant,* 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary,* 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994).

---

[1]In *Lockhart v. Fretwell,* 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

## III.   ANALYSIS

### A.   Grounds One and Two

In ground one, Petitioner asserts counsel rendered ineffective assistance by failing to investigate and call exculpatory witnesses.[2] (Doc. 1 at 4.) Similarly, in ground two, Petitioner contends counsel was ineffective for failing to call Shirley Blanton, the mother of the person who committed the offenses with Petitioner and who died during the commission of the offenses, to testify. (*Id.* at 6.) According to Petitioner, Blanton would have testified that Petitioner gave rides to people in the community and that her son was a gang member and violent. (*Id.*)

Petitioner raised these grounds in his Rule 3.850 motion. The state court denied relief. (Doc. 14-3 at 90.) The state court reasoned that a reasonable probability did not exist that the outcome of the trial would have been different had counsel called additional witnesses. (*Id.*)

The state court's denial of these grounds is not contrary to, or an unreasonable application of, *Strickland.*

> [C]omplaints about uncalled witnesses are not favored, because the presentation of testimony involves trial strategy and "allegations of what a witness would have testified are largely speculative." *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir. 1978). Deciding which witnesses to call "is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *Rhode v. Hall,* 582 F.3d 1273, 1284 (11th Cir. 2009).

---

[2] The Court assumes that these grounds are iterations of each other. To the extent ground one asserts a claim of ineffective assistance of counsel premised on the failure to investigate anything other than exculpatory witnesses, this ground is unexhausted and procedurally barred.

*Shaw v. United States*, 729 F. App'x 757, 759 (11th Cir. 2018) (footnote omitted). Petitioner

has not offered any evidence demonstrating what testimony Blanton would have

provided. "[E]vidence about the testimony of a putative witness must generally be

presented in the form of actual testimony by the witness or on affidavit. A defendant

cannot simply state that the testimony would have been favorable; self-serving

speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932

F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)).

Furthermore, the jury heard that the decedent was a convicted violent felon who

was in a gang. (Doc. 14-2 at 183-85.) Petitioner also testified about the decedent's violent

behavior and that he (Petitioner) provided rides to people in the community. (*Id.* at 438-

42.) Petitioner, therefore, has not demonstrated that a reasonable probability exists that

the outcome of the trial would have been different had counsel called Blanton to testify.

Accordingly, grounds one and two are denied pursuant to § 2254(d).

## B.    Ground Three

Petitioner maintains counsel rendered ineffective assistance by failing to object to

him being shackled during trial. (Doc. 1 at 7-8.) According to Petitioner, the jury knew

that he was shackled and therefore believed he was violent, resulting in his conviction.

(*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief.

(Doc. 14-3 at 92-93.) The state court reasoned that the trial court determined that the jury

could not see the shackles and prejudice did not result from counsel's failure to object to

the shackles. (*Id.*)

The record reflects that at the beginning of trial, the trial court directed Petitioner to remain seated so the jury would only be able to see Petitioner's upper body. (Doc. 14-21 at 77.) There is no evidence that the jury observed Petitioner's shackles. Consequently, a reasonable probability does not exist that the outcome of the trial would have been different had counsel objected to the use of the shackles. Accordingly, ground three is denied pursuant to § 2254(d).

## C.     Ground Four

Petitioner asserts counsel rendered ineffective assistance by failing to object to statements made by the prosecutor during closing argument. (Doc. 1 at 9-10.) Specifically, Petitioner complains that the prosecutor said (1) death is a natural consequence of robbery with a firearm, (2) "you [are] only as good as the company you keep[,]" and (3) nothing good happens after midnight. (*Id.*) According to Petitioner, the prosecutor also erroneously told the jury that Petitioner was armed and was in a violent gang. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 14-3 at 90-92.) The state court reasoned that the statements were not objectionable. (*Id.*)

"To warrant reversal of a verdict[,] prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. Thomas*, 8 F.3d 1552, 1561 (11th Cir. 1993) (citing *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987)). "Specifically, a prosecutor's remark during closing argument must be both improper and prejudicial to a substantial right of the defendant." *Id.* (citing *United States v. Bascaro*, 742 F.2d 1335, 1353 (11th Cir. 1984)). In determining whether the

prosecutor's remarks warrant habeas relief, the proper inquiry is "whether the improper remarks were of sufficient magnitude to undermine confidence in the jury's decision. If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair." *Tucker v. Kemp*, 802 F.2d 1293, 1296 (11th Cir. 1986). "[A]n attorney is allowed to argue reasonable inferences from the evidence and to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence." *Miller v. State*, 926 So. 2d 1243, 1254-55 (Fla. 2006) (citing *Craig v. State*, 510 So. 2d 857, 865 (Fla. 1987)).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. The prosecutor did not say Petitioner was in a gang or armed. Instead, the prosecutor argued reasonable inferences based on the evidence presented. Petitioner has not established a reasonable probability exists that the outcome of the trial would have been different had counsel objected to the prosecutor's statements. Accordingly, ground four is denied pursuant to § 2254(d).

### D.    Ground Five

Petitioner asserts counsel rendered ineffective assistance by failing to make an adequate motion for judgment of acquittal. (Doc. 1 at 11.) In support of this ground, Petitioner contends counsel should have argued that Petitioner was innocent because he acted out of fear of the decedent. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 14-3 at 88.) The state court determined that prejudice did not result from counsel's failure to make a more artful motion for judgment of acquittal. (*Id.*)

Petitioner has not demonstrated that the state court's denial of this ground is contrary to, or an unreasonable application of, *Strickland*. Evidence was presented that Petitioner drove the decedent to the robbery, directed one of the victims to turn around during the offense, directed the decedent to hurry, and fled the police in a high-speed chase. Whether Petitioner did these actions out of fear of the decedent was a question of fact for the jury. Consequently, a reasonable probability does not exist that the outcome of the trial would have been different had counsel made a more thorough motion for judgment of acquittal. Accordingly, ground five is denied pursuant to § 2254(d).

E.    **Ground Six**

Petitioner maintains appellate counsel rendered ineffective assistance by failing to argue that his conviction is illegal. (Doc. 1 at 13.) According to Petitioner, appellate counsel should have argued that he did not possess a firearm as charged in the information. (*Id.*)

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies

and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

To satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).

Procedural default will be excused in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice" to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case in which a "constitutional violation has probably resulted

in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Review of the record establishes that Petitioner failed to raise this ground in the state court. Thus, this ground is unexhausted and procedurally barred from review absent application of one of the exceptions to the procedural default bar. Petitioner has not established either cause or prejudice or actual innocence to overcome the procedural default. Accordingly, this ground is procedurally barred from review by this Court.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate

of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 24, 2019.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

Unrepresented Party
OrlP-1 1/14